**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-02129-BNB
(**The above civil action number must appear on all future papers
sent to the court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)

MARGARET ILENE PULLEN,
EVERGREEN APPLIED RESEARCH, and
PEOPLE OF THE REPUBLIC OF COLORADO,

     Plaintiffs,

v.

SCOTT FISCHER, Sheriff,
STEPHEN HOLLAND, Deputy Sheriff,
REX SHAW, Sheriff,
LARRY ABRAHAMSON, D.A.,
KYLE FLINIAU, Deputy D.A.,
JAMES M. WOLFINBARGER, State Patrolman,
KAUP, 8th District Judge,
CINDY WILSON, Judge, Jackson County,
SALLI JOHNROE, Clerk,
BLAYNE BROWN, Bondsman,
JAMES BETTING, Accomplice,
ALL INDISPENSABLE PARTIES, Those of the country and state personnel syndicate
     who blindly did as these superiors insisted regardless of the truth in the matter,
     and
THE PRIVATE CORPORATE SHAREHOLDERS OF THE 'STATE' OF COLORADO,

     Defendants.

_____

**ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCY**

_____

     Plaintiff, Margaret Ilene Pullen, who alleges that she is an authorized agent for

Evergreen Applied Research, has submitted a Complaint (ECF No. 1) and a Motion and

Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2) that only she

signed.  As part of the court's review pursuant to D.C.COLO.LCivR 8.1, the court has

determined that the submitted documents are deficient as described in this order.

As an initial matter, the Court notes that Ms. Pullen may only represent herself in this proceeding, and may not represent the two entity Plaintiffs, Evergreen Applied Research and People of the Republic of Colorado.  "It is a long-standing rule that [an entity] must be represented by an attorney to appear in federal court," *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) (footnote and citations omitted), and an entity cannot appear through a non-attorney business officer appearing *pro se*.  *Harrison v. Wahatoyas*, LLC, 253 F.3d 552, 556 (10th Cir. 2001).  Therefore, only Ms. Pullen will be allowed to proceed as Plaintiff in this action.

The court has reviewed the substance of the Complaint, and finds that Ms. Pullen appears to be attacking her conviction.  Therefore, the issues she asserts properly are raised in a habeas corpus action.  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  As a result, Ms. Pullen will be directed to file an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

Plaintiff will be directed to cure the following if she wishes to pursue her claims. Any papers that Plaintiff files in response to this order must include the civil action number on this order.

**Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915**:
(1)  __  is not submitted
(2)  X  is not on proper form (must use the court's current form)
(3)  __  is missing original signature by plaintiff/petitioner/applicant
(4)  __  is missing affidavit
(5)  __  affidavit is incomplete
(6)  X  affidavit is not notarized or is not properly notarized

(7)      __       names in caption do not match names in caption of complaint, petition or
                  application
(8)      __       other: § 1915 motion and affidavit only necessary if $350.00
                  filing fee is not paid

**Complaint or Petition**:
(9)      __       is not submitted
(10)     X        is not on proper form (must use the court's current form for filing an
                  Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254)
(11)     __       is missing an original signature by the plaintiff/petitioner/applicant
(12)     __       is incomplete
(13)     __       uses et al. instead of listing all parties in caption
(14)     __       names in caption do not match names in text
(15)     __       addresses must be provided for all defendants/respondents in "Section A.
                  Parties" of complaint, petition or habeas application
(16)     __       other:

        Accordingly, it is

        ORDERED that the two entity Plaintiffs, Evergreen Applied Research and

People of the Republic of Colorado, are dismissed as parties to this action.  Only

Margaret Ilene Pullen is allowed to proceed as Plaintiff.  It is

        FURTHER ORDERED that the only remaining Plaintiff, Ms. Pullen, cure the

deficiencies designated above **within thirty (30) days from the date of this order**.

Any papers that Plaintiff files in response to this order must include the civil action

number on this order.  It is

        FURTHER ORDERED that Plaintiff shall obtain the court-approved forms for

filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §

1915 in a Habeas Corpus Action and an Application for Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2254, along with the applicable instructions, at

www.cod.uscourts.gov, and use those forms to cure the designated deficiencies.  It is

        FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiencies

**within thirty (30) days from the date of this order**, the Complaint and the action will be dismissed without further notice.  The dismissal shall be without prejudice.  It is

FURTHER ORDERED that, because Ms. Pullen alleges she is homeless and has failed to provide a mailing address, the clerk of the court is directed to mail a copy of this order to Margaret Ilene Pullen, c/o General Delivery, United States Post Office, 951 20th Street, Denver, CO 80202-9998.

DATED August 15, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge